# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. A-99-CR-067 JRN |
| | § | |
| WAYNE DYMOWSKI | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on June 24, 2011, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On December 2, 1999, the Defendant was sentenced to 140 months of imprisonment, followed by five years of supervised release, for distribution of cocaine base, in violation of 21 U.S.C. § 841. On February 19, 2008, the Defendant's sentence was reduced to time served, effective March 3, 2008, and the Defendant began supervision at that time.

The Defendant adjusted well to supervision, with one exception. He has struggled with his addiction issues beginning about a year after his release. The first issues related to alcohol, which were addressed with an alcohol abstinence condition. By late 2009, the Defendant was doing well,

keeping stable employment and a stable residence. He thus sought early termination from supervision. However, on February 23, 2010, the Defendant was arrested and charged with DWI. No action was taken at that time, and the Probation Office monitored that case as it progressed in state court. On January 24, 2011, the Defendant was convicted of DWI and given a two year sentence of probation, with a license suspension and a requirement to have an ignition interlock device installed in his car for one year. Based on this outcome, and on the serious medical issues the Defendant was experiencing at this time, the Probation Office recommended no action be taken against the Defendant, and the Court concurred.

On March 29, 2011, and on April 6, 2011, the Defendant submitted urine specimens to the Probation Office, both of which tested positive for cocaine (as well as opiates, though the Defendant had a prescription for some opiates due to his back problems). The Defendant denied using cocaine, so the Probation Office submitted its request for a warrant, and on May 12, 2011, the undersigned ordered the issuance of a summons. A hearing was scheduled for June 24, 2011.

On June 24, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.[1]

## II. FINDINGS OF THE COURT

1.  The Defendant was competent to make the decision to plead true to the complaint.

---

[1] The Defendant continued to assert that he had not used cocaine, but he admitted to having purchased hydrocodone and oxycodone illegally online, and did not really know what the medications he took contained.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by using and possessing controlled substances and by failing to respond truthfully to inquiries of the Probation Office.

## III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. While the Court is concerned by the Defendant's relapses during supervision, the Court finds encouragement in the fact that before a petition was submitted, the Defendant voluntarily enrolled in several detox and treatment programs. Further, the Defendant has serious medical issues, including a serious back problem, cellulitis that results in lesions on the Defendant's body which require regular hospital visits for wound care, and gastrointestinal problems. It is clear that if incarcerated, the Defendant would either have to be housed in a medical facility to address these issues, or he would not receive adequate medical care. Taking into account all of this, the Court believes that the Defendant's supervision should be CONTINUED, but the Defendant's conditions be MODIFIED to require 90 days of home detention.

The Court warns the Defendant that because he is being given a second chance, if he is unsuccessful in the home detention program, the Court will have no choice but to enforce its orders with more serious sanctions. On the other hand, as mentioned at the hearing, if the Defendant successfully completes the 90-day home confinement period, then the undersigned will recommend to the district judge that the Defendant's term of supervision be terminated.

IT IS THEREFORE RECOMMENDED that the the Defendant's supervision should be CONTINUED, and that the terms of the Defendant's supervised release be modified as follows:

> The Defendant shall participate in the Home Confinement program for a period of 90 days. During this time, the Defendant shall remain at his place of residence at all times except for employment; education; religious services; medical, substance

abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Probation Officer, and shall submit to location monitoring and follow the location monitoring procedures specified by the Probation Officer. The Defendant shall maintain a telephone at his place of residence without call forwarding, a modem, caller ID, call waiting, or portable cordless telephones for the above period. The Court further orders that the Defendant shall pay for the costs of Home Confinement, based on his ability to pay, as directed by the Probation Officer.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

5