# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. A-99-CR-067 JRN |
| | § | |
| WAYNE DYMOWSKI | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on October 25, 2011, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On December 2, 1999, the Defendant was sentenced to 140 months of imprisonment, followed by five years of supervised release, for distribution of cocaine base, in violation of 21 U.S.C. § 841. On February 19, 2008, the Defendant's sentence was reduced to time served, effective March 3, 2008, and the Defendant began supervision at that time. This is the second revocation hearing the Court has held on Mr. Dymowski in the past four months. The history of the Defendant's supervision response through June 2011 is set out in the undersigned's Report and Recommendation dated June 27, 2011, and will not be repeated here.

The recommendation made in the June 27, 2011 R&R was that the Defendant be continued on supervision, despite his DWI conviction, and despite his testing positive for cocaine use, due primarily to his medical condition, and to his stated commitment to obtaining sobriety. Thus, the Court ordered that the Defendant serve a 90 day home confinement period, but warned the Defendant that "because he [was] being given a second chance, if he is unsuccessful in the home detention program, the Court will have no choice but to enforce its orders with more serious sanctions." Although the Defendant completed the home confinement period of October 9, 2011, during this time period the Probation Office became aware of an ongoing APD investigation into alleged narcotics trafficking by the Defendant. Further, during this time frame the Defendant submitted numerous urine samples that tested positive for the use of opiates or morphine.[1] Because of the Defendant's medical issues and prescribed medications, the Probation Office submitted the results for a more detailed analysis, which confirmed that the samples contained heroin's identifying molecular structure (6-monoacetylmorphine or 6-MAM). Finally, in the proverbial straw that broke the camel's back, on October 12, 2011, the Defendant apparently made an inadvertent "pocket" call to the Probation Office, and was overheard by his probation officer commenting to a third party about the illegal drugs he was ingesting.

Based on the above, on October 17, 2011, the Probation Office submitted its petition alleging that the Defendant had violated his conditions, and the undersigned ordered the issuance of a warrant that same day. The Defendant was arrested on the warrant the next day.

---

[1] The relevant samples were collected on six occasions between July 25 and September 13, 2011.

On October 24, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to crossexamine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by using and possessing controlled substances, specifically heroin.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 10 months of imprisonment, with no supervised release to follow. IT IS FURTHER RECOMMENDED that the District Judge recommend to the B.O.P. that the Defendant be housed in a suitable medical facility able to address his multiple medical conditions.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of October, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE